UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| LIFE CHURCH OF OAK GROVE, INC. | CIVIL ACTION NO: 18-CV-01167 |
|---|---|
| VERSUS | JUDGE ELIZABETH FOOTE |
| GUIDEONE MUTUAL INSURANCE CO. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Now before the Court is a Motion to Dismiss for Improper Claim-Splitting, or in the Alternative, a Motion for Abstention or Stay of Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) [Record Document 5] filed by Defendant GuideOne Mutual Insurance Company ("GuideOne"). Plaintiff Life Church of Oak Grove, Inc. ("Life Church") has filed an opposition. [Record Document 12]. For the reasons discussed below, GuideOne's motion is **DENIED**.

I.  **Background**

This case arises of an insurer's agreement to settle a claim with its additional insured, to the exclusion of its named insured. Life Church renewed its insurance policy, bearing the number 1417-101 ("the Policy"), with its insurer GuideOne on March 28, 2016. Record Document 1, p. 3. Prior to the events that gave rise to this case, Life Church entered into a lease agreement with the West Carroll Parish School Board ("the School Board") to lease property in Oak Grove, Louisiana ("the Property"). *Id.* at 2. The Property included an approximately 25,000 square foot building that the School Board had agreed to let Life Church convert from an abandoned school into a church. *Id.* The Policy listed Life Church as the named insured and listed the School Board as an additional insured. *Id.* at 3.

On March 31, 2016, the Property was completely destroyed by a fire. *Id.* Life Church claims that the fire was a covered loss under the Policy and that it properly submitted claims for payment under the Policy to GuideOne. *Id.* On July 19, 2016, after GuideOne conducted a loss appraisal, it issued a check for the Policy limit of $2,611,800 to "Life Church Oak Grove Inc. and West Carroll Parish School and Law Offices of Myrt T. Hales, Jr." *Id.* at 5. GuideOne issued checks for the same amount on two more dates, November 10, 2016, and May 31, 2017. *Id.* In its state court petition, Life Church explains that it could not deposit those checks because "[p]ayment received was joint with another party who now has no interest in the funds and who cannot provide an endorsement." Record Document 12-1, p. 1. According to Life Church, on March 22, 2018, GuideOne "reversed course" and entered into a settlement agreement with the School Board and the School Board's insurer, Affiliated FM Insurance Company ("Affiliated") for $1,305,900. Record Document 1, pp. 5–6.

Life Church states that it was not made aware of this settlement until July 6, 2018, when information about the settlement was included in GuideOne's discovery responses in the ongoing state lawsuit. *Id.* at 5. Life Church alleges that GuideOne excluded it from the settlement agreement intentionally in order to avoid paying the funds due to Life Church under the Policy. *Id.* at 5–6. Life Church alleges that GuideOne is liable for bad faith insurance practices pursuant to Louisiana Revised Statute § 22:1973. *Id.* at 6. Specifically, Life Church alleges that GuideOne misrepresented pertinent facts, failed to timely pay a settlement agreement, and failed to timely pay a claim amount due, in violation of its duty of good faith and fair dealing to its insured as set forth in § 22:1973, when it entered into a settlement agreement with the School Board and Affiliated, to the exclusion of Life Church. Record Document 1, pp. 6–11. Life Church also alleges that GuideOne is liable for breach of contract for failing to pay Life Church's loss claims under

2

the Policy. *Id.* at 11–12. Life Church claims that GuideOne's conduct caused it to suffer lost earnings, lost profits, loss of goodwill, increased operating costs, declining membership, declining attendance, and financial stress. *Id.* at 12. Life Church seeks damages for bad faith insurance practices pursuant to § 22:1973, pre- and post-judgment interest, attorney's fees, damages for lost earnings, lost profits, lost goodwill and increased operating costs, court costs, and any other relief the Court deems appropriate. *Id.* at 12–13.

## II. <u>Legal Standard</u>

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court must accept as true all of the factual allegations in the complaint in determining whether a plaintiff has stated a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

## III. Analysis

In its motion to dismiss, GuideOne argues that this case should be dismissed due to improper claim-splitting or, in the alternative, that the Court should dismiss or stay this case pursuant to the *Colorado River* Abstention Doctrine. Record Document 5-1, pp. 3 & 5.

### A. Claim-Splitting

#### 1. Applicable Law

It is well established that a plaintiff is generally required to "bring all claims arising out of a common set of facts in a single lawsuit, and federal district courts have discretion to enforce that requirement as necessary 'to avoid duplicative litigation.'" *Elgin v. Dept. of Treasury*, 567 U.S. 1, 34 (2012) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) (citing *Stone v. Dept. of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006)). "Claim-splitting occurs when a single 'cause of action' is split by advancing one part in an initial suit and another part in a later suit. Such 'splitting' may subject the second claim to preclusion." *F.D.I.C. v. Nelson*, 19 F.3d 15 at *2 n.5 (5th Cir. 1994) (internal citations omitted). To determine what constitutes a single cause of action, the Fifth Circuit uses the transactional test, which turns upon whether the two actions are based on the same nucleus of operative facts. *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992). "When a plaintiff files a second complaint alleging the same cause of action as a prior, *pending*, related action, the second complaint may be dismissed." *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (emphasis in original).

#### 2. Arguments of the Parties

GuideOne argues that the instant lawsuit should be dismissed because Life Church has engaged in improper claim-splitting by filing both a state and federal lawsuit based on its insurance claims. Record Document 5-1, p. 3. GuideOne points out that Life Church's complaint in the

4

instant case and its state complaint both reference the same fire that occurred on March 31, 2016, and the same insurance policy that GuideOne issued to Life Church. *Id.* GuideOne states that both complaints allege that Life Church has not received the payment it is due under the Policy and that the filing of both lawsuits constitutes improper claim-splitting. *Id.* at 3 & 5.

In its opposition, Life Church contends that the instant case should not be dismissed because it is based on a separate cause of action than the state suit. Record Document 12, p. 1. Life Church claims that the settlement agreement between GuideOne, the School Board, and Affiliated represents a set of facts separate from those that gave rise to its state lawsuit, which was based upon GuideOne's failure to compensate Life Church for its covered loss. *Id.* at 5.

3. <u>Analysis</u>

The Court begins by examining the substance of Life Church's state and federal complaints. The state complaint avers that Life Church had not received any payments from GuideOne under the Policy that were capable of use. Record Document 12-1, p. 1. It requests "judgment for all that is due under the policy and for all other damages in an [sic] amounts as are reasonable in the premises, legal interest from the date of judicial demand, all penalties and attorney fees to which it may be entitled, and all costs." *Id.* at 2. Life Church amended its state court complaint to specifically allege that it is entitled to "penalties and attorney fees at cost as applicable under Louisiana law." Record Document 12-2, p. 1. The state court complaint makes no reference to any specific statute but instead appears to allege that GuideOne is liable for breach of contract for not paying Life Church what it was owed under the policy.

Life Church's federal complaint contains more detailed factual allegations and specifies causes of action. As well as alleging breach of contract, Life Church alleges that GuideOne breached its duty of good faith and fair dealing owed to its insured when it misrepresented pertinent

5

facts, failed to timely pay a settlement agreement, and failed to timely pay a claim amount due, in violation of Louisiana Revised Statute § 22:1973, by entering into a settlement agreement with the School Board and Affiliated to the exclusion of Life Church. Record Document 1, pp. 6–11.

Based on the differences between Life Church's state and federal complaints, the Court finds that they are based on two different sets of facts. Although the two sets of facts are related, the state suit arises out of GuideOne's alleged failure to pay Life Church for its losses under the Policy whereas the instant federal suit arises primarily out of the settlement agreement that GuideOne executed with the School Board and Affiliated, occurring after the state suit was filed. The Court finds that the execution of the settlement agreement constitutes a separate nucleus of operative facts from GuideOne's initial failure to make payments under the Policy. *See Eubanks*, 977 F.2d at 171. Therefore, the Court declines to dismiss the instant lawsuit based on improper claim-splitting. *See Oliney*, 771 F.2d at 859.[1]

**B. *Colorado River* Abstention**

1. Applicable Law

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colo. River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). The *Colorado River* Abstention Doctrine is an exception to a federal court's "virtually unflagging" duty to adjudicate cases over which it has jurisdiction. *African Methodist Episcopal*

---

[1] Although this fact is not dispositive in determining whether a plaintiff has engaged in improper claim-splitting, the Court finds it worth noting that Plaintiff's federal complaint asserts a separate cause of action from its state complaint. The Louisiana Supreme Court has held that "a claim against an insurer for breach of the insurance contract and a claim against an insurer for breach of its duty of good faith and fair dealing under La. R.S. [22:1973] are two separate causes of action." *Durio v. Horace Mann Ins. Co.*, 2011-0084 (La. 10/25/11); 74 So. 3d 1159, 1170.

*Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1938)); *Colorado River*, 424 U.S. at 813). "[I]n 'extraordinary and narrow' circumstances, a district court may abstain from exercising jurisdiction over a case when there is a concurrent state proceeding . . . ." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 (5th Cir. 1999). The Supreme Court has identified six factors relevant to determining whether such exceptional circumstances exist:

> (1) assumption by either court of jurisdiction over a *res*; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Saucier v. Aviva Life and Annuity Co.*, 701 F.3d 458, 462 (5th Cir. 2012) (citing *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002)). Although these factors guide the Court's inquiry, the ultimate decision of whether to abstain "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Cone Mem'l Hosp.*, 460 U.S. at 16.

Before applying the *Colorado River* factors, a court must find that the state and federal actions parallel. *African Methodist Episcopal Church*, 756 F.3d at 797–98. Actions are parallel where they largely involve "the same parties and the same issues." *Id.* (quoting *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 785 (5th Cir. 1997)). Life Church asserts that *Colorado River* Abstention is not warranted here because the state and federal suits are not parallel. Record Document 12-1, p. 6. Because the Court finds that the facts of this case do not meet the standard for "exceptional circumstances" that justify *Colorado River* Abstention, the Court need not decide whether these actions are parallel. *Saucier*, 701 F.3d at 462–63.

2. Application of the *Colorado River* Factors

   a. *Assumption by Either Court of Jurisdiction Over a* Res

The first factor weighs against abstention. This Court has not assumed jurisdiction over any piece of property, or *res*, and neither party has alleged that the state court has done so. If no court has assumed jurisdiction over a piece of property, this factor weighs against abstention. *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006).

   b. *Relative Inconvenience of the Fora*

This factor is neutral. The state court suit was filed in the Parish of West Carroll, State of Louisiana. Record Document 1, p. 1. According to the Court's research, the West Carroll Parish Courthouse is located approximately 60 miles away from the United Stated District Court for the Western District of Louisiana's Monroe Division in which this case was filed. Sixty miles is not an insignificant distance and it appears that West Carroll Parish would be a more convenient forum for Life Church because it is located in West Carroll Parish. However, as GuideOne points out, Life Church is the party that has sought out this federal forum and objects to the application of the *Colorado River* Abstention Doctrine to this case. *See* Record Document 5-1, p. 9. This factor does not weigh for or against abstention and is therefore neutral.

   c. *Avoidance of Piecemeal Litigation*

This factor weighs against abstention. GuideOne argues that this case "presents a threat of piecemeal litigation and inconsistent adjudication" because this Court may reach a different conclusion on the same issues as the state court. Record Document 5-1, p. 7. The Fifth Circuit has held that the concern of the third *Colorado River* factor is not duplicative litigation per se, but the "danger of inconsistent rulings with respect to a piece of property." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650–51 (5th Cir. 2000). There is no piece of property at stake in

8

this case. Therefore, GuideOne's argument amounts to an assertion that the Court should abstain from exercising its jurisdiction to avoid duplicative litigation. However, "the prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Saucier*, 701 F.3d at 464 (quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988)). Any time duplicative litigation exists, the possibility of inconsistent judgments is present. *Kelly Inv., Inc.*, 315 F.3d at 498. According to the Fifth Circuit, duplicative litigation is "a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction." *Black Sea*, 204 F.3d at 650. Therefore, this factor weighs against abstention. *Saucier*, 701 F.3d at 464.

The Court acknowledges that this case presents a risk of inconsistent rulings if one court renders judgment before the other on the issue of what amount, if any, GuideOne owes Life Church under the Policy. If that scenario occurs, "the problem of inconsistent judgments can be obviated through a plea of *res judicata*" in the court that has not yet reached that issue. *Kelly*, 315 F.3d at 498 (citing *Evanston*, 844 F. 2d at 1192; *Murphy*, 168 F.3d at 738).

d. *The Order in which Jurisdiction was Obtained*

This factor weighs in favor of abstention. "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Black Sea*, 204 F.3d at 651 (quoting *Cone Mem'l Hosp.*, 460 U.S. at 21). The instant case has not progressed past the motion to dismiss stage. Life Church's complaint shows that the state suit has progressed at least to the discovery stage. Record Document 1, p. 5. Because the state suit has progressed more than the instant suit, this factor weighs in favor of abstention. *Saucier*, 701 F.3d at 464.

e. *The Extent to which Federal Law Provides the Rules of Decision on the Merits*

The fifth factor is neutral. GuideOne argues that this factor weighs in favor of abstention because this case is based only on Louisiana law. Record Document 5-1, pp. 8–9. However, under Fifth Circuit precedent, this factor is either neutral or weighs against abstention; it generally cannot weigh in favor of abstention. *Evanston*, 844 F.2d at 1193. In cases such as this one, a federal court's duty is not to search for a reason to exercise jurisdiction, but instead to determine whether there are exceptional circumstances that "can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Cone Mem'l Hosp.*, 460 U.S. at 25–26 (emphasis in original). The presence of state law issues only weighs in favor of abstention in rare circumstances. *Evanston*, 844 F.2d at 1193. Because GuideOne has failed to show that such rare circumstances exist in this case, this factor is neutral. *Stewart*, 438 F.3d at 493.

f. *The Adequacy of the State Court to Protect Rights*

Finally, the sixth factor is neutral. The sixth factor, like the fifth factor, can be neutral or weigh against abstention, but it cannot support abstention. *Evanston*, 844 F.2d at 1193. "A party who could find adequate protection in state court is not thereby deprived of its right to the federal forum, and may still pursue the action there since there is no ban on parallel proceedings." *Id.* Here, there is no evidence to suggest that the state court would not adequately protect the rights of either party. Accordingly, this factor is neutral.

In sum, the Court finds that of the six factors relevant to determining whether abstention under *Colorado River* is justified, the first and third weigh against abstention, the fourth weighs in favor of abstention, and the second, fifth, and sixth are neutral. Mindful that abstention ultimately does not rest on a "mechanical checklist," *Cone Mem'l Hosp.*, 460 U.S. at 16, the Court finds that the facts of this case as presented in Life Church's complaint do not provide sufficiently

exceptional circumstances to overcome the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. Accordingly, *Colorado River* Abstention is not warranted in this case. Therefore, GuideOne's motion to dismiss is hereby **DENIED**.

IV. <u>**Conclusion**</u>

For the reasons discussed above, GuideOne's motion to dismiss [Record Document 5] is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this ____ day of September, 2019.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE